IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil Action No: 4:20-CV-00179-M

| | |
|---|---|
| RUDOLPH B. WHITEHURST, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER<br>) |
| TERESA DELOATCH BRYANT, | )<br>) |
| Defendant. | ) |

These matters come before the court on (1) Defendant's Motion to Dismiss for the court's lack of subject-matter jurisdiction and for Plaintiff's failure to state plausible claims for relief [DE 14]; (2) Plaintiff's Motion for Compensatory Damages [DE 34]; (3) Plaintiff's Amended Motion for Compensatory Damages [DE 36]; (4) Plaintiff's Motion for Order of Settlement by the Court [DE 38]; (5) Plaintiff's Motion to Compel [DE 42]; (6) Plaintiff's Motion for Default Judgment [DE 43]; (7) Plaintiff's Motion for Sanctions [DE 44]; and (8) Plaintiff's "Motion for Civil Procedure" [DE 45]. The court finds it lacks subject-matter jurisdiction over this action and, therefore, Defendant's motion is granted, and Plaintiffs' motions are denied without prejudice.

**I. Statement of Facts**

The following are facts (as opposed to legal conclusions, threadbare recitals of elements, or conclusory statements) alleged by the Plaintiff in the operative Complaint and taken as true pursuant to *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). *See also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (if a movant "contend[s] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based . . . all the facts alleged in the complaint are assumed to be true").

Defendant, a private attorney, represented Plaintiff in a civil action titled, *Whitehurst v. City of Greenville, North Carolina, et al.*, File No. 17 CVS 1352, which was filed in Pitt County Superior Court, North Carolina. On January 25, 2018, Defendant filed a Voluntary Dismissal in that case on behalf of the Plaintiff. In this case, Plaintiff alleges he "never agreed to a voluntary dismissal, nor did [he] sign one, to the very best of [his] knowledge."

## II. Procedural History

Based on these facts, Plaintiff initiated this action on September 25, 2020. Compl., DE 1-1. Construing his Complaint liberally, the court finds Plaintiff invokes Rule 41(a) of the Federal Rules of Civil Procedure as a basis for the court's jurisdiction. *Id.* at 2, 5.

In response to the Complaint, Defendant filed the current motion seeking dismissal based on the court's lack of subject-matter jurisdiction and the Plaintiff's failure to state a plausible claim for relief. Plaintiff responded to the motion by proffering arguments and evidence in support of his claim against Defendant. *See* DE 20, 24. Defendant replies that Plaintiff's briefs and attached exhibits fail to rebut its arguments that the court lacks subject-matter jurisdiction, and that Plaintiff fails to state a plausible claim for relief.

Subsequently, Plaintiff filed a "motion for compensatory damages" and an "amended motion for compensatory damages." DE 34, 36. In these motions, Plaintiff asks "to receive $200,000 compensatory damages because [of] Defendant['s] wrongful termination of" the Pitt County case. *See id.* In the amended motion, Plaintiff asserts that Defendant "committed [a violation of] 18 U.S. Code § 1519" governing the "destruction, alteration, or falsification of records in federal investigations and bankruptcy." DE 36. Defendant filed a response to these motions arguing that Plaintiff did not properly seek leave to amend his complaint to add a request

2

for compensatory damages and, in any event, his request should be denied because he has failed to establish this court's subject-matter jurisdiction. DE 39. Plaintiff replied arguing that Defendant's submission of a copy of her professional liability policy "compromises Defendant's case currently before the court." DE 40.

Plaintiff also filed a "Motion of Request that Case be Settled by Method and/or Decision of Federal Judge." DE 38. Plaintiff contends that Defendant's submission of a copy of her professional liability insurance policy was "never requested" by him and may be a "form of deception"; he also asserts that Defendant improperly responded to the Complaint with the Motion to Dismiss. DE 38. Defendant responds explaining that the policy was submitted as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure and that she properly filed the motion to dismiss in response to the operative pleading. DE 41.

Further, Plaintiff filed a motion "to compel" pursuant to Fed. R. Civ. P. 5 requesting that Defendant "be forced to file an answer to Plaintiff's initial complaint, that Defendant present evidence of Plaintiff's signature, or any form of Notice, allowing Defendant to forward 2B on behalf of Plaintiff." DE 42. Plaintiff also filed a motion for default judgment pursuant to Fed. R. Civ. P. 55 (DE 43), a motion for sanctions pursuant to Fed. R. Civ. P. 11 (DE 44), and a motion "for civil procedure," which the court construes as a motion for clarification that a motion to dismiss is not a responsive pleading for purposes of Rule 55 (DE 45). Defendant filed a response to these motions contending that her motion to dismiss was properly filed in response to the Complaint, and that Plaintiff has failed to demonstrate that Rule 11 sanctions are appropriate. DE 46. Plaintiff replied challenging the Defendant's contention that her request for an extension of time in which to respond to the Complaint was "not for the purpose of delay." DE 47.

3

## III. Legal Standards

The Supreme Court instructs that

> [f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "[T]he party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968) ("[T]he complaint must state on its face the grounds for its jurisdiction.").

A defendant may move for an order to dismiss a claim by arguing that the complaint fails to properly allege subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

> When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should grant the Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

*Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citations omitted). Further, if a district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action[,]" regardless of whether the relevant defendant against whom the claim was brought has moved the court seeking dismissal. Fed. R. Civ. P. 12(h)(3).

4

## IV. Analysis

Plaintiff proceeds in this action pro se and, thus, the court must construe his filings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376, 209 L. Ed. 2d 122 (2021). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Id.* (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)).

Here, the court finds Plaintiff fails to demonstrate this court has jurisdiction over his claim(s). Federal jurisdiction may lie on the basis of either diversity of citizenship pursuant to 28 U.S.C. § 1332, or the existence of a federal question pursuant to 28 U.S.C. § 1331. *Ball v. Stylecraft Homes, LLC*, 564 F. App'x 720, 721 (4th Cir. 2014). Plaintiff does not satisfy either requirement in this case.

First, a federal court may exercise federal question jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States." *Id.* "Under the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Id.* (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)) (internal quotation marks and alteration omitted). "To determine whether an action arises under the laws of the United States, a court must examine the operative pleading to 'discern whether federal or state law creates the cause of action' and, if the claim is not created by federal law, whether 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* at 721-22 (quoting *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005)). The federal question must be substantial, not frivolous or pretextual, to support federal jurisdiction. *Id.* (citing *Lovern v. Edwards*, 190 F.3d 648, 654–55 (4th Cir. 1999)).

5

Here, Plaintiff appears to rely on a federal rule of civil procedure to provide the "federal law" necessary to establish jurisdiction. Compl., DE 1-1. However, procedural rules, themselves, do not create private causes of action, even if a party were to violate such rule(s). The Plaintiff's reliance on Rule 41(a) of the Federal Rules of Civil Procedure is not sufficient to demonstrate federal question jurisdiction in this case. Plaintiff also asserts in a motion that Defendant has violated a federal criminal law, 18 U.S.C. § 1519. Defendant properly contends that Plaintiff fails to seek amendment of his Complaint to add this claim; however, even if the criminal statute applied to the alleged conduct, Plaintiff fails to explain how the violation of this criminal statute results in the recovery of civil remedies and/or damages. The Fourth Circuit instructs that "[u]nless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *Tribble v. Reedy*, 888 F.2d 1387, 1989 WL 126783 (4th Cir. 1989) (unpublished) (damages sought for violations of 18 U.S.C. §§ 241, 1341, 1343) (citing *Shaw v. Neece*, 727 F.2d 947 (10th Cir.), *cert. denied*, 466 U.S. 976 (1984) (damages sought for violation of 18 U.S.C. § 241)). Nothing in section 1519 indicates that it is more than a "'bare criminal statute' that gives no express indication of Congressional intent to create a civil remedy." *See id.*

Construing Plaintiff's Complaint and other filings liberally, the court discerns no "right to relief [that] necessarily depends on resolution of a substantial question of federal law." *Ball*, 564 F. App'x at 721-22. Plaintiff's allegations may give rise to a tort; however, under the factual circumstances of this case, the court perceives no *federal* constitutional, statutory, or common law claim on which Plaintiff may recover for the alleged conduct.

Second, Plaintiff fails to allege the requirements for diversity jurisdiction. Generally, complete diversity is necessary for a federal district court to exercise diversity jurisdiction.

6

*Blackwood v. Berry, Dunn, McNeil & Parker, LLC*, 828 F. App'x 174, 175 (4th Cir. 2020) (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015)). Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires (1) diversity of state citizenship between plaintiffs and defendants, and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* Even if the court were not only to construe Plaintiff's amended motion for compensatory damages in the amount of $200,000 (DE 36) as a motion seeking leave to amend under Fed. R. Civ. P. 15, but also to grant such motion, Plaintiff fails to demonstrate that he and Defendant are diverse in state citizenship. Plaintiff alleges that he is a resident of Winterville, North Carolina and Defendant is located in Greenville, North Carolina. Compl., DE 1-1 at 1. Plaintiff does not allege the domiciliary of either himself or Defendant (*see Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) ("state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile")); however, even if the court were to construe the pleading liberally, nothing in the pleading, its attachments, or Plaintiff's other filings leads the court to conclude that the parties are diverse in citizenship. Thus, the court finds Plaintiff fails to demonstrate this court's diversity jurisdiction pursuant to § 1332.

## V. Conclusion

Accordingly, the court must conclude that Plaintiff has failed to establish this court's subject-matter jurisdiction over his action and GRANTS Defendant's motion to dismiss [DE 14]. Having no jurisdiction to proceed in this case, the court DENIES Plaintiff's motions WITHOUT PREJUDICE [DE 34, 36, 38, 42, 43, 44, 45]. Plaintiff's Complaint is DISMISSED WITHOUT

7

PREJUDICE. The Clerk of the Court is directed to close this case.

SO ORDERED this 23rd day of August, 2021.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE